IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 22-091 |
| | * | |
| AKBAR MASOOD, | * | |
| MICHELLE O. PEEBLES, | * | |
| HARRIET JACKSON, | * | |
| JUDITH RUSS, | * | |
| RHONDA PAUL, | * | |
| WESLEY WILLIAMS, | * | |
| BAGNON TITI, and | * | |
| ALFRED DUNCAN | * | |
| | * | |

*******

**GOVERNMENT'S CONSENT MOTION TO EXCLUDE
TIME PURSUANT TO THE SPEEDY TRIAL ACT**

Comes now the United States of America, by and through its counsel, Erek L. Barron, the

United States Attorney for the District of Maryland, and Adam K. Ake, Assistant United States

Attorney for said district, with the consent of defense counsel, respectfully submits this Motion to

Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial

calculations pursuant to 18 U.S.C. § 3161(h).

On March 17, 2022, a Grand Jury sitting in this District returned a twelve count Indictment

charging each of the Defendants in Count One with Conspiracy to Commit Health Care and Wire

Fraud in violation of 18 U.S.C. § 1349, all defendants but Defendant Judith Russ with substantive

allegations of Wire Fraud in violation of 18 U.S.C. § 1343 in Counts Two through Nine,

Defendants Masood, Peebles and Jackson with allegations of Aggravated Identity Theft in Counts

Ten and Eleven, and Defendant Russ with Conflict of Interest by a Government Official in

violation of 18 U.S.C.§ 208 in Count Twelve.  The Indictment was unsealed on April 5, 2022, and,

on the same date Defendants Masood, Peebles, Jackson and Russ were brought before this Court

1

for their initial appearances.  On April 7, 2022, the remaining defendants were brought before this Court for their initial appearances.  All defendants but Masood were arraigned during their initial appearances.  Defendant Masood retained counsel and had arraignment on April 27, 2022.  No Defendants were detained.

Beginning after the final initial appearance, the Government furnished each defense counsel with limited, albeit highly probative, discovery concerning their individual clients' activity in the charged conduct.  More voluminous discovery from electronic devices seized incident to the arrests of some Defendants was delayed by the difficulty of bypassing security features and ultimately required the Defendants to provide passwords to allow timely extractions.  Additionally, search warrants were obtained for stored email communications on various accounts held by commercial service providers.  The three Defendants who were the subject of warranted searches of their electronic devices contemporaneous with their arrest notified the Government that those devices may contain attorney-client privileged material, necessitating the use of a filter team before that electronic material could be reviewed by the prosecution team.

On May 4, 2022, Counsel for all defendants and the attorney for the government conferred with the Court on the status of the case.  After discussing the discovery matters above, all parties desired a three-month period to review discovery and begin exploring potential case resolution before the Court set motions deadlines and further dates in the case.  The Court agreed, and set the next status conference for all parties on August 9, 2022.  Counsel for defendants agreed to exclude the period before August 9, 2022, from Speedy Trial Calculations.

On August 9, 2022, the parties conferred and many agreed to an additional 60-day period for the government to provide discovery.  Counsel for Defendant Jackson noted her objection to the delay and, at the invitation of the Court, submitted a letter reserving the defendant's rights on the delay issue, but ultimately did not object to the continuance based on a desire to review the

electronic materials for potentially exculpatory or helpful information.  The government related its willingness to provide Defendants with copies of their own electronic devices before the government has an opportunity to conduct its filter review.

On October 26, 2022, and again on November 22, 2022, the parties participated in status calls with the Court.  The Government reported that progress had been made in providing additional discovery and that the parties had met for a reverse proffer that clarified the need for additional discovery productions.  The parties agreed to not yet request scheduling in the case and provide a status report to Judge Xinis, to whom the case will be reassigned, not later than December 22, 2022.

In light of Defendants' ultimate agreement to toll Speedy Trial before scheduling in this matter, the Government requests exclusion of the period between October 27 and December 22, 2022, from Speedy Trial Act calculations and asks the Court to find that doing so will serve "the ends of justice" and "outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A). As explained earlier, counsel for Defendants received initial discovery and will receive additional voluminous discovery during the intervening period and must themselves digest it before they have a chance to meaningfully review it with their clients. Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including delays resulting from plea negotiations and the need to review discovery. *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same); *United States v. Hart*, No. PJM 17-376, 2019 U.S. Dist. LEXIS 124091 (D. Md. July 23, 2019) (approving exclusion based on discovery review delays).

For these reasons, the Court should enter an order finding the time between October 27 and December 22, 2022, excludable time under 18 U.S.C. § 3161(h)(7). However, nothing in the

Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. A proposed Order is submitted herewith.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:_____/s/_____
Adam K. Ake
Assistant United States Attorney