## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 8:22cr91-PX |
| | ) | |
| AKBAR MASOOD | ) | |

### DEFENDANT'S MOTION TO SUMMARILY GRANT PRETRIAL MOTIONS

Akbar Masood, through counsel, respectfully moves this Court to summarily grant his pending motions to dismiss part of Count 1, ECF 135) and motion to suppress the fruits of the search of his home (ECF136).  In support of his motion, Mr. Masood states as follows:

On December 4, 2023, Mr. Masood's prior defense counsel filed a motion to dismiss part of Count 1 (the health care fraud allegation) and to suppress the fruits of the search of his residence and business location.  Now, less than three weeks prior to trial, and more than seven months since Mr. Masood's counsel filed these pretrial motions, the government has still failed to file any response.  Notably, while defense counsel sought and was permitted to file pretrial motions on December 4, 2023, the docket entry granting this request unambiguously stated that "[a]ll other dates in 107 Pretrial scheduling order, shall remain unchanged." ECF 133 (paperless docket entry).  The date for the government to respond was December 15, 2023.  Scheduling Order entered on Feb. 2, 2023 (ECF 107).

The government's response renders these issues conceded, and the Court should summarily rule in favor of Mr. Masood. *See, e.g.*, *United States v. Thayer*, No. 15-CR-00162-FPG-JJM, 2016 WL 11483501, at *1 (W.D.N.Y. Sept. 19, 2016), *report and recommendation adopted,* No. 15-CR-162-FPG-JJM, 2016 WL 7092789 (W.D.N.Y. Dec. 6, 2016) (noting that defendant's failure to respond to the government's position as to why there

should be no suppression "effectively concedes [these] arguments by his failure to respond to them") (citing *Burton v. Niagara Frontier Transportation Authority*, 2013 WL 3423754, *6 (W.D.N.Y. 2013) (Arcara, J./McCarthy, M.J.) and *Kabrovski v. City of Rochester*, 149 F. Supp. 3d 413, 422 (W.D.N.Y. 2015) ("[t]his Court may, and generally will, deem a claim abandoned when a [party] fails to respond to a [its opponent's] arguments")).

It is not clear why the government has failed to respond to these motions, but the Court should not be expected to step into the government's shoes and argue its position, *sua sponte*. The Court should not have to assume facts and arguments that the government has not bothered to put forward.  The government's failure to respond is particularly notable because it is the government that bears the burden of proof to show that its search warrant was valid and that its search was constitutional.  *See, e.g., Berard v. United States,* 525 F.2d 319, 320 (8th Cir. 1975) ("When the validity of a search warrant is challenged, the burden is on the government to establish its validity by a preponderance of the evidence")(citing *United States v. Matlock* (1974)); *United States v. Getzel*, No. CRIM.01-102-JD, 2002 WL 31114150, at *4 (D.N.H. Sept. 24, 2002) ("The Fourth Amendment requires that search warrants only issue upon a showing of probable cause.").  The government has made no effort to do so.  Further, while failing to respond to the motion to dismiss relating to the object offense of health care fraud in Count 1, the government has simply disregarded this argument and, less than a month before trial and nearly eight months after the legal issue was raised, obtained a superseding indictment that disregards the issue entirely.

For all of the foregoing reasons, Mr. Masood respectfully moves this Court to treat the issues raised in his pretrial motions as conceded, and to summarily grant the pending pretrial motions.

Respectfully
Submitted,

By:/s/ Eugene
Gorokhov
Eugene Gorokhov VSB # 73582
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

By: /s/ Daniel H. Goldman
Daniel Goldman, Md. Bar. 2202010033
LAW O FFICE OF DANIEL
GOLDMAN, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 (phone)
(833) 523-2310 (fax)
dan@dangoldmanlaw.com

*Attorneys for Defendant*