**The Government's Evolving And Conflicting Statements About The 27 Electronic Devices**

| Date | Statement(s) |
|---|---|
| April 4, 2022 | In an affidavit the case agent submitted in support of an application for a search warrant to search Mr. Masood's home, the government represents to a federal judge in Alexandria, Virginia that electronic devices can contain "crucial" exculpatory and/or inculpatory information:<br><br>[I]nformation stored within a computer and other electronic storage media may provide *crucial evidence* of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, *to exclude the innocent from further suspicion*. . . . The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus *inculpating or exculpating the computer owner*. . . . The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein *may either inculpate or exculpate the computer user*. Last, information stored within a computer may provide *relevant insight into the computer user's state of mind* as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime . . . or consciousness of guilt . . . .<br><br>(Doc. 136-1, 4/4/22 Aff. of Special Agent Joshua T. Kimrey at 27-29 ¶ 39(b) (emphases added); *see also id.* at 37 (showing case agent "[a]ttested to" affidavit on April 4, 2022).) |
| August 16, 2022 | In response to the letter (i) reserving "all rights and defenses" of the Defendants, including Mr. Masood, as to "the multiple computers and devices seized from [them]" in April 2022 after they were indicted and arrested and (ii) emphasizing that "the discovery yet to be produced is critical to their defense" (Doc. 94, Cronin Letter at 1), the government stated:<br><br>"I write to acknowledge receipt of the Defendants' joint letter (ECF No. 94) reserving their rights regarding the pace of discovery production in this matter. The government is conscious of its discovery responsibilities and will provide the additional materials |

| | |
|---|---|
| | obtained post-indictment to the Defendants *as expeditiously as possible*." (Doc. 95, Gov't Letter at 1 (emphasis added).)<br><br>This letter identifies Darren Gardner, the AUSA who entered an appearance for the government on May 21, 2024 (Doc. 202) and has acted as its lead counsel since then as one of its signatories, which indicates he was working on this case as of mid-August 2022 and was not entirely new to the matter when he formally appeared. |
| February 3, 2023 | The Court "had a recorded status February 3rd, 2023, where we discussed this very thing, that there were devices seized, they were being reviewed for taint, and then the production would be made right away. That was told to the defense over and over again." (Doc. 251, 8/22/24 Hr'g Tr. at 8:16-20.) |
| August 17, 2024 | One day after the first two of Mr. Masood's new counsel entered their appearances (Doc. 229 & 230), as part of an effort "to avoid any unnecessary discovery and Brady litigation," they asked the government: "What devices has the government seized and imaged?" (Doc. 241-1 at 2-3, 8/16/24 3:06 PM Gorokhov Email.) The government replied: "There were various devices that were seized by the Government *and imaged*, but their contents were never reviewed as part of this case and the devices were returned." (*Id.* at 1, 8/17/24 6:45 PM Gardner Email (emphasis added).) |
| August 22, 2024 | At 11:30 a.m., the government responded to an inquiry about the 27 electronic devices from the first two of Mr. Masood's new counsel by writing:<br><br>> The devices were seized from Michelle Peebles, Harriet Jackson, and Akbar Masood.<br>><br>> *Images of all electronic devices seized were sent by Josh Kimrey to Quantico to be imaged.* Agent Kimrey picked up the information on hard drives from Quantico and returned them to the evidence room with Army CID on Fort Belvoir.<br>><br>> These are still sitting in that evidence room. The physical devices have all been returned. *The images were never reviewed.*<br><br>(8/22/24 11:30 AM Gardner Email (emphases added) (appended to this exhibit).) |
| August 22, 2024 | During the telephonic hearing, which began at noon, the government stated that "the resources simply weren't there to do that taint review" |

| | |
|---|---|
| | of the 27 electronic devices. (Doc. 251, 8/22/24 Hr'g Tr. at 8:13-14; *see also id.* at 16:1-2 (representing that "they are too voluminous, we didn't have the resources to look into it").) <br><br> The government took the position that the contents of the devices "were never reviewed" and "the devices were returned," expressly stating that "these particular devices, we never even looked into them." (*Id.* at 8:21 – 9:5.) <br><br> In addition, after the Court ordered production within an hour, the government represented – without qualification – that the chain of custody records for the devices "are available, and we will produce them." (*Id.* at 13:20 – 14:11.) <br><br> Further, the government represented to the Court that "as a matter of course, *every device seized is imaged*" so that the "electronic files" on them are preserved after they are returned. (*Id.* at 18:21-23 (emphasis added).) This representation appears to have led the Court to believe that a "carbon copy" exists for all 27 devices. (*Id.* at 18:25 – 19:2; *see also id.* at 21:8-9 ("I consider chain of custody all the way through today. And since we don't have the devices, that means the images of the devices . . . .").) |
| August 22, 2024 | In a letter emailed to the Court and Mr. Masood's counsel late at night and later filed via ECF (Doc. 247), the government represented that "[b]ased on our review of the records available to us": <br> • "The files from each Defendant's devices were returned to their respective owners (Discovery 1)." (Doc. 247, Gov't Letter at 1.) <br> • "*The devices were* eventually *successfully imaged and uploaded* to Relativity . . . ." (*Id.* at 2 (emphases added).) <br> • "Adam Ake reviewed the documents and determined there was no *Brady* material . . . ." (*Id.*) <br> • Government counsel "spoke with AUSA Ake who recalled, after reviewing past emails, that the devices were searched and no material that would constitute *Brady* was found." (*Id.*) |
| August 23, 2024 | As in its letter the night before, the government told the Court that a single AUSA "personally reviewed the contents of all 27 devices to determine if *Brady* material existed." (Doc. 252, 8/23/24 Hr'g Tr. at 38:16-19.) The government abandoned this implausible story – which entailed one AUSA reviewing over "400,000 objects" for *Brady* information – and "walk[ed] away from all of it" only after the Court questioned it at length on the record. (*Id.* at 42:23 – 45:6.) |

3



**Eugene Gorokhov <eugene@evgpllc.com>**

## Masood -- Devices seized

**Gardner, Darren (USAMD)** <Darren.Gardner@usdoj.gov>   Thu, Aug 22, 2024 at 11:30 AM
To: Eugene Gorokhov <eugene@burnhamgorokhov.com>
Cc: Daniel Goldman <dan@dangoldmanlaw.com>

Eugene,

The devices were seized from Michelle Peebles, Harriet Jackson, and Akbar Masood.

Images of all electronic devices seized were sent by Josh Kimrey to Quantico to be imaged. Agent Kimrey picked up the information on hard drives from Quantico and returned them to the evidence room with Army CID on Fort Belvoir.

These are still sitting in that evidence room. The physical devices have all been returned. The images were never reviewed.

Regards,

Darren S. Gardner

Assistant U.S. Attorney

District of Maryland

Office: 301-344-4029

Cell: 443-908-9113

---

**From:** Eugene Gorokhov <eugene@burnhamgorokhov.com>
**Sent:** Thursday, August 22, 2024 9:40 AM
**To:** Gardner, Darren (USAMD) <DGardner1@usa.doj.gov>
**Cc:** Daniel Goldman <dan@dangoldmanlaw.com>
**Subject:** [EXTERNAL] Masood -- Devices seized

Darren, we have been reviewing the discovery you provided us yesterday, but it still does not appear to answer one of the key questions we have been asking since we got into the case: what happened to the *logical images* of the seized devices that were returned to their owners?

Also, what individuals have had their devices seized? We can see some of this from the docs provided, but we do not appear to have a source that shows us a complete list of devices and their owners.

Thanks,

Eugene

**PLEASE NOTE OUR NEW ADDRESS**:

Eugene Gorokhov

Burnham & Gorokhov, PLLC

1634 I Street NW, Suite 575

Washington, DC 20006

202 386 6920, ext. 101

eugene@burnhamgorokhov.com

www.burnhamgorokhov.com