IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 8:22cr91-PX |
| | ) | |
| AKBAR MASOOD | ) | |

**MOTION TO COMPEL THE GOVERNMENT TO PRODUCE
JENCKS MATERIAL RELATED TO CASE AGENT EMAILS**

Akbar Masood, through counsel, hereby moves to compel the government to produce Jencks material, some of which might include *Brady* information despite the government's insistence to the contrary. Specifically, he asks the Court to order the government to provide the attachments to Agent Kimrey's emails that have been produced as Jencks. In support of this motion, he states as follows:

The government produced emails written by Agent Kimrey relating to the investigation of this case. There is no dispute that these emails are Jencks, and they were produced as such. For example, the government produced an email chain between Agent Kimrey and Investigative Support Auditor Kimonia Daniel between February 9, 2024 and May 7, 2024, discussing the investigation and progress of the case. Exhibit 1. In the middle of the chain, Agent Kimrey trumpets the fact that "[w]e are conducting follow-up proffers with Peebles/Jackson *to confirm their story - pinning most everything of [sic] Masood*." *Id*. at 2 (emphasis added). In the same email, he endorses an attached PowerPoint presentation, writing: "I've attached a good summary of the case in PowerPoint." Ex. 1 at 2.

Despite defense requests to produce this document as Jencks material and potential *Brady*, the government refused to do so, instead specifically suggesting yesterday that the Court should resolve the issue. Ex. 2, Email exchange on August 27, 2024.

1

The government should be ordered to produce the attachments to Agent Kimrey's emails, including the PowerPoint presentation at issue for three independent reasons:

First, the email exchange, like other Jencks materials produced by the government, does not contain the multiple attachments that are referenced to by Agent Kimrey, rendering the statements void of meaning and impossible to understand. This issue has already been addressed in a previous filing, and the Court recognized this point and ordered the government to produce the attachments to Jencks materials at least for its key witnesses, as a first step. Doc. 251, 8/22/24 Hr'g Tr. at 37:21 -- 38:2 (ordering the government to produce attachments to the interview reports of Jackson and Peebles). Because the reports were prepared by Agent Kimrey, they are indistinguishable from the emails at issue here, and the Court's prior ruling controls this issue. Yet, the government is withholding the attachments to Agent Kimrey's emails.

Second, because Agent Kimrey wrote that the PowerPoint can be relied on as part of efforts to "pin[ ] most everything o[n] Masood" because it is "good summary of the case," he both adopted and approved the PowerPoint. *See, e.g.*, *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996) ("if the statement is not the witness' actual words, it must in some way have been adopted or approved by the witness to qualify as Jencks material."). This is a matter of the gravest importance to Mr. Masood, and like any other federal case, it is about seeking the truth. The only alternative is that Agent Kimrey sent a document that he did *not* consider accurate to an auditor assisting the government in this prosecution and told the auditor to rely on that document. If that happened, then the PowerPoint contains *Brady/Giglio* information, as discussed next.

Third, to the extent that the PowerPoint presentation and other documents attached to the emails of Agent Kimrey in any way contain information favorable to the defense, either separately or in the context in which they are referred to in the emails, this is *Brady/Giglio*

information. This would include, but is not limited to information that would tend to show the government investigation is biased, sloppy, unreliable, and the like. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 446 & n.15 (1995) (expressly rejecting the suggestion "that for jurors to count the sloppiness of the investigation against the probative force of the State's evidence would have been irrational."); *United States v. Quinn*, 537 F. Supp. 2d 99, 115 (D.D.C. 2008) (defendant could have portrayed evidence that government failed to investigate suspicions about a key witness's credibility "as willful ignorance, and the jury might question why the lead case agent would not actively seek out the truth on this important point before continuing with a prosecution"). The government's email response dodges this entire issue, and further reflects that it is either ignorant or willfully blind to its *Brady/Giglio* obligations. Ex. 2; Ex. 3 (Email from E. Gorokhov re *Brady* issue, to which the government responded in its most recent email in Ex. 2).

Given the government's track record in this case, there are serious questions as to why the government continues to withhold documents that are necessary to understand the emails written by Agent Kimrey that it produced as its Jencks material, and why it is so forcefully opposed to the production of the PowerPoint presentation discussed herein in particular.

For all of these reasons, the Court should order the government to produce the attachments to the emails of Agent Kimrey previously produced as Jencks **by 2:00 p.m. today** in their original form, *i.e.*, as attachments to those emails, which should be reproduced with their respective attachments. This is necessary for the attachments to be produced in an orderly and organized fashion where it is clear which attachments pertain to which emails. *United States v. O'Keefe*, 537 F. Supp. 2d 14, 23 (D.D.C. 2008) (Where "electronically stored information is demanded but the request does not specify the form of production, the responding party must

3

produce the electronically-stored information in the form in which it is ordinarily maintained or in a reasonable form or forms.").

                Respectfully Submitted,

By:/s/ Eugene Gorokhov
Eugene Gorokhov VSB # 73582
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

By: /s/ Daniel H. Goldman
Daniel Goldman, Md. Bar. 2202010033
LAW OFFICE OF DANIEL GOLDMAN, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 (phone)
(833) 523-2310 (fax)
dan@dangoldmanlaw.com

s/ Joshua D. Greenberg
Joshua D. Greenberg (Bar No. 18168)
THE JOSH GREENBERG LAW FIRM PLLC
1717 K Street, NW, Suite 900
Washington, DC 20006
(202) 422-0809
josh@joshgreenberglawfirm.com

*Attorneys for Defendant*