IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. PX-22-91 |
| **AKBAR MASOOD,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## JOINT STATUS REPORT

Defendant Akbar Masood, through undersigned counsel, and counsel for the government submit this Joint Status Report as ordered by the Court at the hearing on August 29, 2024 and in a paperless order entered later that day (Doc. 270). Specifically, the Court ordered the parties to meet and confer on outstanding discovery requests and other issues and to submit this report by today. (*Id.*) Government counsel and Mr. Masood's counsel met and conferred for roughly 50 minutes starting at about 4:00 p.m. on Tuesday, September 3, 2024, via Microsoft Teams.

Mr. Masood's counsel emailed the following specific requests and inquiries to the government in advance of their meeting and received responses as follows:

1) **Alerts database reports**: On September 5, 2024, the government produced seven documents responsive to this request, totaling 348 pages. The government represents that these include "Alerts system notes (or agency equivalents) that exist for SA Joshua Kimrey, SA Sonya Smith, and Mark Johnson." At the meet and confer, the defense asked the government to ensure that the materials it produced from the Alerts database showed everything the agents could see when they accessed the database. The government confirmed that what SA Kimrey and others produced in PDF format is the entirety of the substance in Alerts or their agency equivalents.

2) **SA Kimrey's text messages related to his investigation of the case and correspondence with prosecution team members and witnesses**: On September 5, 2024, the government re-produced SA Kimrey's text messages organized as 19 documents, labeled by party to conversation with SA Kimrey and date. The defense is reviewing these documents for completeness. The government represents that these documents include "SA Kimrey's text messages organized by date range and recipient." The government further represents that SA Kimrey compiled and organized his own text messages.

3) **Attachments to interview reports for persons on the government's witness list**: On September 5, 2024, the government produced four folders of documents for witnesses Barbara Rosas, Patrick Clezie, Kristine Gillespie, Nancy Stambler, and Sal O'Donnell. The defense is reviewing these documents for completeness and to determine whether any additional unproduced exhibits are referenced in interview reports.

4) **Taint team review materials**: Regarding the filter review emails to be turned over to the Court for *in camera* review, the government represents that (i) it has now been granted access to and has reviewed emails from the account of former AUSA Rajeev Raghavan and found nothing relevant not already provided to the Court and (ii) it believes the Court is in possession of all relevant communications related to the filter review. Lacking the ability to review these materials, Mr. Masood's defense team is unable to assess whether the Court in fact has all relevant communications and relies on the Court's review at this time but reserves the right to move for further disclosure in the future.

5) **Search warrants and returns for: a) all emails obtained from Google, b) Michelle Peebles's Chromebook, and c) Walter Reed laptop seized from Jackson's home and returned to Jackson**: At the meet and confer, the government represented that no search warrant

was obtained for Peebles's Chromebook or the Walter Reed laptop. On September 5, 2024, the government reproduced four search warrants – one for Google (Gmail), one for HMA (Microsoft), and two for the premises of Jackson, Peebles, Masood, and Case. On September 6, 2024, the Government produced search warrant return letters for the Google search warrant. Defense and Government are continuing to confer whether the returns have been produced and will update the Court with further information if needed.

6) **Native version of Excel file referenced at 8/29/24 hearing**: Mr. Masood's counsel requested that the government produce the native versions of each iteration of the Excel file(s) purporting to show what happened to the electronic devices seized from Jackson, Peebles, and Masood, *viz.*, the Excel file printed to PDF and admitted as Government Ex. 7 at the hearing on August 29, 2024 and the Excel file the government produced in native form on August 24, 2024, the latter of which Mr. Masood's counsel printed to PDF and attached to their letter filed on August 27, 2024. (Doc. 261-1, Masood Letter Ex. A.) The government has advised that Government Exhibit 7 was newly created on August 28, 2024 by SA Kimrey in collaboration with AUSA Darren Gardner specifically for the evidentiary hearing on August 29, 2024, while the other Excel produced to defense natively on August 24, 2024 was created by Mark Johnson to catalogue his imaging of electronic devices around the time the imaging took place—two aids created in Excel for different purposes at different times. The government's position is that earlier versions of the two Excel files, being drafts, are (1) work product; (2) not statements for Jencks purposes; and (3) not relevant to these proceedings. In the view of Mr. Masood's counsel, however, the testimony at the evidentiary hearing on August 29, 2024 leaves significant questions remaining about the history of the Excel file(s) and without the metadata for each iteration of the Excel file(s) it is

impossible for Mr. Masood to know all of the people who worked on the Excel file(s), when each did so, and what changes each made.

7) **IRS documents re Peebles and Jackson**: The government has advised that on September 5, 2024, it re-produced one Memorandum of Interview for a December 11, 2023 interview of Harriet Jackson. The parties disagree about whether IRS materials, such as formal or informal reports or notes and tax returns, are discoverable and whether the IRS was part of the prosecution team for purposes of this case.

8) **Loudoun County Sheriff's Office ("LCSO") reports early in investigation**: The defense requested all LCSO reports related to the investigation at issue and any video or audio recordings made during interviews with LCSO officers present. Following the meet and confer, the government provided six documents, which the defense is reviewing. The government represents that these include "documentation from Loudoun County Sheriff's Office related to their initial receipt of the case from Infused President Marlon Johnson." No audio or video recordings are included. The government produced to defense an email on September 5, 2024 from LCSO Video Systems Supervisor Galvin Boward who stated that no video exists of this encounter. Mr. Masood's counsel believe that questions remain about whether a video of this encounter ever did exist and, if so, what happened to it.

9) **Patrick Clezie report of August 21, 2020 interview referenced in December 3, 2020 interview report**: On September 5, 2024, the government produced a four-page DoD-OIG report from August 21, 2020.

10) **PowerPoint presentations attached to (1) an email from SA Kimrey and (2) referenced as an enclosure in an interview report of a telephonic interview with Barbara Rosas**: The defense requested these PowerPoint presentations as SA Kimrey's Jencks, as

*Brady/Giglio* information, and under Federal Rule of Criminal Procedure 16. The government responds that both presentations were drafted by someone other than SA Kimrey (namely SA Ryan Goins of DCIS, who is no longer a case agent) prior to charges in this case being filed. The government further responds that the presentations were not signed or otherwise adopted or approved by SA Kimrey and are not otherwise discoverable under Federal Rule of Criminal Procedure 16(a)(2). In addition, the government represents that neither presentation was shown to any government witness. The government has advised that it will submit both PowerPoint presentations to the Court for *in camera* review.

11) **Documents related to decisions not to charge Rosas and Johnson**: The defense seeks information and documents related to the decisions not to charge Barbara Rosas and Marlon Johnson as Rule 16 discovery, *Brady*, and *Giglio*. The Government responds that any such documents, if they existed, would be protected by various privileges, including attorney-client privilege, work product privilege, and deliberative process privilege, and that such documents would also not be discoverable under Rule 16 regardless of these privileges.

12) **Corrupted audio files for three items previously provided in discovery**: On September 5, 2024, the government reproduced working copies of audio files labeled "Alsane Soumah interview ZOOM0010" and "Kathleen 2." The third, "New Recording 2.m4a," has not been reproduced, and counsel for the government has advised the defense that the file was corrupted in its original form and thus no copy is available.

13) **Instructions of Law Given to Grand Jury**: During a call regarding this Joint Status Report on September 6, 2024, Mr. Masood's counsel asked government counsel to provide any instructions on the applicable laws provided to the grand jury for the Superseding Indictment. Government counsel responds that the probable cause determination by the grand jury falls outside

the scope of these discovery disputes and, beyond providing relevant Jencks material, the government considers any and all grand jury material to be secret.

The parties recognize there are considerable disputes regarding the ongoing discovery issues in this matter. The defense anticipates filing motions as to several of the outstanding discovery disputes. Both the government and the defense will brief their positions as to the items above at the Court's request.

September 6, 2024                                     Respectfully submitted,


/s/ Darren S. Gardner
Darren S. Gardner
Assistant United States Attorney
United States Attorney's Office
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
(301) 344-4029
darren.gardner@usdoj.gov

/s/ Ranganath Manthripragada
Ranganath Manthripragada
Assistant United States Attorney
United States Attorney's Office
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
(301) 344-0870
ranganath.mathripragada@usdoj.gov

*Counsel for the United States*

/s/ Daniel H. Goldman
Daniel H. Goldman (Md. Bar. 2202010033)
Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709
dan@dangoldmanlaw.com

Eugene Gorokhov (VSB # 73582)
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920
eugene@burnhamgorokhov.com

Joshua D. Greenberg (Bar No. 18168)
The Josh Greenberg Law Firm PLLC
1717 K Street, NW, Suite 900
Washington, DC 20006
(202) 422-0809
josh@joshgreenberglawfirm.com

*Counsel for Akbar Masood*