IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 8:22cr91-PX |
| | ) | |
| AKBAR MASOOD | ) | |

**SUPPLEMENT IN SUPPORT OF MOTION TO COMPEL THE GOVERNMENT TO PRODUCE JENCKS MATERIAL RELATED TO CASE AGENT EMAILS**

Recently produced ALERTS database entries show that the government has made – and continues to make – false statements about the PowerPoint presentation that Special Agent Joshua T. Kimrey called "a good summary of the case" and attached to an email he sent on March 6, 2024 (the "PowerPoint"). (Doc. 262-1, 3/6/24 1:32 PM Kimrey Email.) Among other things, the government has repeatedly represented that the case agent prior to SA Kimrey created the entire PowerPoint and that SA Kimrey merely received the document and made no contribution to it.

At the evidentiary hearing on August 29, 2024, the Court ordered the government to produce several agents' entries in the ALERTS database for this case and directed the parties to consult about the logistics for that production. (Doc. 271, 8/29/24 Hr'g Tr. at 215:17 – 216:6, 218:1 – 219:14, 220:24 – 223:7.) On September 5, 2024, two days after the parties met and conferred about the ALERTS database and many other issues, the government produced what it "represents" are the "Alerts system notes (or agency equivalents) that exist for SA Joshua Kimrey, SA Sonya Smith, and Mark Johnson." (Doc. 273, Joint Status Report at 1.)

Multiple ALERTS entries *written by SA Kimrey* bely the government's representations that he had no role in preparing the PowerPoint or in contributing to its substance:

- On December 9, 2020, SA Kimrey "[r]eviewed PowerPoint presentation provided by SA Smith in preparation for tomorrow's brief with AUSA Moore." (Ex. A, 2020/12/09 0900 Entry (highlighting added for quoted entries).)

1

- On December 10, 2020, SA Kimrey reviewed *and made recommendations for* the PowerPoint: "Reviewed powerpoint in preparation to AUSA brief today. Made recommendations and provided back to SA Smith." (*Id.*, 2020/12/10 0800 Entry.)

- Later on December 10, 2020, SA Kimrey and SA Smith briefed AUSA Moore and "[p]rovided her with a power point." (Ex. B, 2020/12/10 1300 Entry.)

- Over a month earlier, an entry about a "team meeting" that SA Kimrey "[c]onducted" states: "A powerpoint presentation was drafted by SA Smith, NCIS who painted the picture pretty well but still missing a couple items." (Ex. C, 2020/10/29 1300 Entry.)

SA Kimrey did *not* suggest any item was still "missing" by the time he "[m]ade recommendations" on December 10, 2020 for the PowerPoint provided to AUSA Moore later that day.

These ALERTS entries written by SA Kimrey establish that he reviewed the PowerPoint on several different dates and indicate that he also made substantive contributions to the document. These entries reveal that the government has made, and continues to make, misrepresentations about the PowerPoint:

- The facts that SA Kimrey "[m]ade recommendations" on substance for the PowerPoint *in late 2020* (Ex. A, 2020/12/10 0800 Entry), including by identifying "missing" items that were later added (Ex. C, 2020/10/29 1300 Entry), and that it "was drafted by SA Smith" (*id.*), prove that the government's statements about the document are false.

- These facts show SA Kimrey did *not* receive the final PowerPoint from his predecessor in "January or February of 2020" when he became "the case agent," *i.e.*, "the lead agent on this case," and disprove the notion he never made any contribution to the document. (Doc. 271, 8/29/24 Hr'g Tr. at 30:22 – 31:3, 286:11 – 287:10.)

- The government misled in its letter of August 28, 2024 to the Court, writing that "[t]he slides in question were drafted by someone other than Agent Kimrey before this case was accepted by the U.S. Attorney's Office." (Doc. 265 at 2.) The government omitted the material fact that SA Kimrey made recommendations for what the PowerPoint should and ultimately did include. Moreover, by referring to "the U.S. Attorney's Office" and later to "presenting the case to prosecutors" (*id.* at 2-3), the government twice obscured the significant fact that the meeting on December 10, 2020 was with an AUSA *from the U.S. Attorney's Office for the Eastern District of Virginia*, which evidently declined to pursue this case.

- Similarly, at the hearing on August 29, the government falsely portrayed SA Kimrey as merely a passive recipient of the PowerPoint who used it for "the pitch to the U.S.

- Attorneys' Office" (singular). (Doc. 271, 8/29/24 Hr'g Tr. at 286:11 – 287:10.) When the Court asked "who made this PowerPoint," the government replied that the case agent prior to SA Kimrey "created the entire thing" and represented that SA Kimrey "got the PowerPoint from the prior case agent." (*Id.*) In the same breaths, the government assured the Court that it was "being very careful" to provide only information about the PowerPoint that they knew was accurate. (*Id.*)

- Most recently, the government identified the prior case agent as "SA Ryan Goins of DCIS" and represented that he alone drafted the PowerPoint. (Doc. 273, Joint Status Report at 5.) This representation is materially false: SA Kimrey's ALERTS entries quoted above show SA Smith drafted the document, SA Kimrey recommended changes to it, and all indications are SA Smith followed SA Kimrey's recommendations.[1]

Despite its assurance at the hearing on August 29, the government has not corrected any of the false representations it made to the Court and to Mr. Masood's counsel about the PowerPoint.

Finally, the government's refusal to produce the PowerPoint – all while making false and misleading representations about that document to the Court and to defense counsel – is part of a pattern. The government defied the Court's Order making August 16 the government's deadline to produce all Jencks materials. Ten days later, the Court ordered it to produce all attachments to interview reports. (Doc. 251, 8/22/24 Hr'g Tr. at 37:21 – 38:2.) Attachments to emails from the case agent that it produced as Jencks *despite* its unduly narrow view of Jencks should be treated no differently – particularly given the case agent's challenging relationship with the truth. (*E.g.*, Doc. 271, 8/29/24 Tr. at 158:21 – 159:7 (Court observing that SA Kimrey was "playing games" and that he has "a credibility issue" when addressing his testimony regarding electronic devices).) The Court should take into account the government's refusals to abide by the Court's Orders, the government's persistence in making what are at best reckless misrepresentations, and SA Kimrey's willingness to contort the facts and parse words while testifying under oath. Accordingly, the Court

---

[1] Unlike SA Goins, SA Smith remains sufficiently involved in this case that the Court heard her speak during the telephonic hearing on August 22, 2024: SA Smith was one of the agents (SA Kimrey was the other) whose presence the government failed to reveal in response to a direct question from the Court. (Doc. 252, 8/23/24 Hr'g Tr. at 32:6 – 34:10.)

3

should give no weight to the government's characterizations of the PowerPoint. Instead, under the extraordinary circumstances of this case, the Court should err in favor of transparency and order the government to produce the PowerPoint regardless of how the document might appear when reviewed in isolation *in camera*.

For the foregoing reasons and those stated in the motion, the Court should grant the motion.

September 16, 2024                                                      Respectfully Submitted,

/s/ Joshua D. Greenberg
Joshua D. Greenberg
THE JOSH GREENBERG LAW FIRM PLLC
1717 K Street, NW, Suite 900
Washington, DC 20006
(202) 422-0809
josh@joshgreenberglawfirm.com

Eugene Gorokhov
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920
eugene@burnhamgorokhov.com

Daniel Goldman
LAW OFFICE OF DANIEL GOLDMAN, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709
dan@dangoldmanlaw.com

*Counsel for Defendant Akbar Masood*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2024, a true and accurate copy of the foregoing document and any attachments thereto was served via email on all counsel of record.

/s/ Joshua D. Greenberg
Joshua D. Greenberg