```
1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
2                      GREENBELT DIVISION
   _____
3                                         )
   UNITED STATES OF AMERICA,              )
4                                         )
         Plaintiff,                       )
5                                         )Docket Number
                  vs.                     )8:22-cr-00091-1
6                                         )
   AKBAR MASOOD,                          )
7                                         )
         Defendant.                       )
8  _____)

9              TRANSCRIPT OF TELEPHONIC HEARING
               BEFORE THE HONORABLE PAULA XINIS
10            UNITED STATES DISTRICT COURT JUDGE
           THURSDAY, SEPTEMBER 19, 2024, AT 12:00 P.M.
11
   APPEARANCES:
12 On Behalf of the Plaintiff:
         BY:  DARREN GARDNER, ESQUIRE
13            RANGANATH MANTHRIPRAGADA, ESQUIRE
              Office of the United States Attorney
14            6406 Ivy Lane, Suite 800,
              Greenbelt, MD  20770
15
   On Behalf of the Defendant:
16       BY:  EUGENE GOROKHOV, ESQUIRE
              Burnham & Gorokhov, PLLC
17            1634 I Street NW
              Suite 575
18            Washington, D.C.  20006

19       BY:  DANIEL GOLDMAN, ESQUIRE
              The Law office of Daniel Goldman, PLLC
20            421 King Street, Suite 505
              Alexandria, VA  22314
21
         BY:  JOSH GREENBERG, ESQUIRE
22            The Josh Greenberg Law Firm
              1717 K. Street NW, Suite 900
23            Washington, D.C.  20006

24
            ***PROCEEDINGS RECORDED BY AUDIO RECORDING***
25       ***TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION***
```

1  (Court called to order.)

2      **THE COURT:**  Good afternoon.  This is the judge.

3    Are we recording?

4      **DEPUTY CLERK:**  We are, Your Honor.

5    The matter now pending before the Court is Criminal Action

6  Number PX22-91, the United States of America v. Akbar Masood.

7  The matter comes before this Court for a telephone conference.

8    Counsel, please identify yourselves for the record.

9      **MR. GARDNER:**  Good afternoon, Your Honor.  AUSA

10  Darren Gardner and AUSA Ranganath Manthripragada on behalf of

11  the United States.

12      **MR. GOROKHOV:**  Good afternoon, Your Honor.  Eugene

13  Gorokhov here with Daniel Goldman and Josh Greenberg on behalf

14  of Mr. Masood.

15      **THE COURT:**  Okay.  Counsel, thanks for joining me.

16    Since we last saw one another a few weeks ago at the

17  hearing, I've received a flurry of correspondence, and I've had

18  a little bit of time to think about where this case is going.

19    I obviously have not, you know, written or decided

20  anything formally, put I think out of an abundance of caution,

21  we need to set a trial date, and we need to set in hearing

22  dates after setting that trial date.

23    Because, government, just confirm for me, you have made

24  the electronic database available, what we were calling the

25  Relativity database at the hearing, available to defense, am I

1   right about that?

2          **MR. GARDNER:**  Yes, Your Honor.

3          **THE COURT:**  Okay.  And you all continue to exchange

4   and to dispute whether the government is honoring its

5   obligations to exchange a host of other items, which I'm not

6   going to get into on this call.  Today is purely about

7   scheduling.

8          And in light of the fact that we don't have -- we don't

9   have a trial date right now, we need to get one on the book, I

10  want to start there.

11         Is the estimated trial length still -- it's still one

12  week; am I right about that?

13         **MR. GARDNER:**  AUSA Darren Gardner for the government.

14  Yes, Your Honor.

15         **THE COURT:**  Defense, any dispute with that?  Am I

16  looking for a week?

17         **MR. GOROKHOV:**  Your Honor, I can't say because I

18  don't know how many witnesses ultimately the government would

19  call.  I would say judging by the hearing that we've had, we

20  would anticipate, for example, cross-examining Agent Kimery,

21  just the defense, for at least a day.

22         So we would imagine if the government calls and we're

23  allowed to call Marlon Johnson, he would probably be

24  cross-examined for at least a day.

25         So I don't know how that --

1            **THE COURT:**  No, we're not having day-long cross

2    examination without more, okay?  I'm not doing that.

3        This case is rapidly degrading, in my opinion.

4            **MR. GOROKHOV:**  Okay.

5            **THE COURT:**  So you're going to have to demonstrate

6    that to me.  I asked a really simple question, which is, is a

7    week enough?

8            **MR. GOROKHOV:**  Yeah.

9            **THE COURT:**  I can -- I can put seven days on.

10            **MR. GOROKHOV:**  Yes, Your Honor.

11            **THE COURT:**  But I'm not doing much more than that

12    given what the government has already proffered to be its case.

13            **MR. GOROKHOV:**  I understand, Your Honor.

14            **THE COURT:**  Okay.  Yeah, we need to get, like, some

15    hard dates, and then we're going to have some hard dates where

16    the briefing will be due, and it will be over, so that I don't

17    get -- I -- so this is a hearing.  I'm not quite sure what part

18    of it has not gotten communicated effectively, my bad, but I'm

19    not going to do this death by a thousand cuts.  I will not get

20    a motion every other day that then the -- we have a staggered

21    response date and a staggered reply, and I'm buried.

22        So we're not doing that.

23        Let's start with the trial date.

24        I have just taken -- I'm in trial in October, I'm in trial

25    November, and I just had to take a three-week jury trial for

1  one of my colleagues in December.

2      So if you wish to stay before me, we're looking in

3  January.  And we're looking at either starting on the 6th or

4  the 13th.

5      So, again, if you want to tell me that's too far away, and

6  you would like a sooner trial, I'm happy to try to find another

7  judge who can do it sooner.  But right now, the trial date

8  would be -- the earliest I could do is the 6th or the 13th.

9      So let me start with you, Mr. Gorokhov.  What's your

10  position on that?

11      **MR. GOROKHOV:**  For the defense, Your Honor, for me

12  personally, and Mr. Goldman, I know the 13th would be -- would

13  be fine.  It would be ideal, actually.

14      I don't have Mr. Greenberg's calendar, but I'm sure he'll

15  speak up if it's a problem.

16      **MR. GREENBERG:**  Yeah, I --

17      **THE COURT:**  Government?

18      **MR. GARDNER:**  Your Honor, I'm sorry, I actually have

19  back-to-back trials, one on the week of the 6th and one on the

20  week of the 13th.

21      Those -- those would be -- those would be worst possible

22  dates for the government.  If we could find other ones, that

23  would be appreciated.  But, I mean, we'll try to be as flexible

24  as we can otherwise.

25      **THE COURT:**  Is there great heartburn if we do this

1    one starting on the 27th of January?

2            **MR. GOROKHOV:**  No problem for me, Your Honor.  I'll

3    let my co-counsel speak -- speak up, if they have an issue.

4            **THE COURT:**  Government, 1/27?

5            **MR. GARDNER:**  Your Honor, that works for the

6    government.

7            **THE COURT:**  Okay.  All right.  So then let's put in

8    this trial jury selection will be Monday the 27th, and I will

9    block to the 4th, you know, give or take.

10        Now, with that in mind, let's find a deadline, given

11   everything that you've been handed in the last month, defense,

12   and the fact that you are diligently reviewing it, I know you

13   are, a deadline by which I will have any followup motions of

14   any kind from either side -- motions, not, like, responses or

15   replies to what I have, but just new motions, a deadline for

16   that is September 19th with a January 27 trial date, is 30 days

17   from today enough time, defense, to make sure you've gotten

18   through everything you've been given so that you can challenge

19   what you need to challenge before me?

20           **MR. GOROKHOV:**  Just one moment, Your Honor.

21           **THE COURT:**  Okay.

22           **MR. GOROKHOV:**  Your Honor, the only issue is this --

23   and I want to be transparent.  I understand, Your Honor, what

24   you've stated, and I want to respect that.  I'm sorry if -- for

25   your frustrations here for us filing on issues as they arise.

7

1      What I will say to the Court is that the more we get, the

2  more we discover that there are things we don't have.

3      So my worry, Your Honor, is that this month continues to

4  proceed, and we continue trying to deal with the government to

5  get scores of materials that apparently haven't been produced,

6  and -- you know, it's something we should have known at the

7  status report, but we didn't, and we only find out later,

8  because evidence they produced to us made clear that there were

9  just scores of e-mails, dozens of e-mails, dozens of things

10 that hadn't been produced.

11     So my only concern, Your Honor, I'm -- we totally

12 understand where you're coming from.  I just want to put out

13 there the caveat that as this month progresses, who knows where

14 we'll be in a month from now.

15          **THE COURT:**  Let's do it -- let's do it this way.

16     There's -- I can set the date by which government, in your

17 view, not necessarily responsive to what the defense believes

18 is they are entitled to, but simply from the government's

19 obligations, that the government has satisfied itself that it

20 has produced all *Brady, Jencks*, and *Giglio* in the case.

21 Because, you know, we've talked about this, and you have

22 produced it, from what I understand, based on the witness list

23 that has been provided.  And what we can do is just set a date

24 by which, from the government's perspective, the government has

25 satisfied its obligations.

1    And then from there, Mr. Gorokhov, you have a certain

2  amount of time to say, if you have any -- any dispute in that

3  regard, you file your last round of motions.

4    The rest of it, the separate sort of back and forth of

5  meeting and conferring and figure out what you're going to get

6  out of this, I -- I see as almost -- it's a separate -- it can

7  be a separate issue.  It might inform when I say, government,

8  this is -- this is the deadline, you know.

9    But -- but that way, Mr. Gorokhov, you've got a date by

10  which the government is going to honor its obligations.  And if

11  you think you have a good faith basis, based on the evidence

12  that you do have, that they haven't given you everything,

13  that's -- let's put it all down in one final motion, and then I

14  will collect all of the motions and responses and we'll have a

15  hearing.

16    Does that make sense?

17    **MR. GOROKHOV:**  Yes, Your Honor.  I appreciate that.

18  Leaving open the possibility that even by that date, we still

19  won't have everything, which I almost view as a certainty now,

20  we appreciate --

21    **THE COURT:**  Well, here's -- here's the reason why I

22  want to set that date is because, government, you know, there

23  has to be a deadline at some point.  The way in which this case

24  came in, we were on the eve of trial.  It's fair, at this

25  point, to have a deadline by which if you produce it, you have

1  honored your obligations, and it's over.

2      And if the defense makes a good faith argument and

3  persuades me that you haven't turned everything over, well,

4  there are certain consequences.

5      If they fail to meet that burden, then the issue is put to

6  bed.

7      So we need some finality, is, I guess, my point.

8      What's the government's perspective on that?

9      **MR. GARDNER:**  That sounds reasonable, Your Honor.  I

10  mean, I think whatever date we set in, as long as there's

11  enough lead time to go through, and iterations of our requests

12  and -- you know, the normal process, frankly, for discovery.  I

13  think that makes sense, just to say that here's a date, and the

14  government will verify by that date that (indiscernible)

15  everything has been turned over, and I guess we go from there.

16  I think that's a reasonable course of action.

17      **THE COURT:**  Okay.

18      **MR. GOROKHOV:**  Well, Your Honor, if I -- if I may.

19  Like, here's the frustration, okay?  Mr. Gardner just said the

20  normal process.  This is already far, far, far beyond normal.

21  I mean, we've had a meet-and-confer.  The government

22  represented to us, clearly, things -- I'll just use the

23  PowerPoint as an example.

24      They continue to represent that the PowerPoint was simply

25  a document sent by Agent Kimery.  Right?  That's it.  That's

1    all he did; he sent it.  And we know now that that's not true.

2        So what's the point of meeting and conferring with the

3    government, especially on this record where they don't --

4            **THE COURT:**  Then don't meet and confer anymore.  It's

5    up to you.  It's up to you.  I mean, I've asked you to meet and

6    confer.  If you don't think you're getting anything out of it,

7    then you come in and you say, "We've done our -- we've done our

8    job, we've tried to meet and confer; we can't -- we can't come

9    to any sort of resolution, so, Judge, you have to decide it."

10       But, I mean, there -- there has to be a deadline by which

11   the government in its view has honored Rule 16, *Jencks*, *Giglio*

12   and *Brady.*  And so let's set that date.

13       My proposal would be September 30th.  By September 30th,

14   the government has done its due diligence to confirm that it

15   has honored its *Jencks*, Rule 16, *Giglio* and *Brady.*

16       And then, by October 15 -- so that's 9/30, okay?  By

17   10/15, any supplemental motions from either side will be filed.

18   And I'm going to characterize these as motions in limine,

19   because we really are on the eve of trial.  I know we have a

20   little more time than that, but any supplemental or additional

21   motions in limine shall be filed on 10/15, and then I'm going

22   to give you all three weeks to respond to each other so that

23   you have enough time.

24       Because what my proposal will be, is that we just have one

25   omnibus response, to everything that has been filed, three

```
 1  weeks from the 15th, which would be November 5.  And then I set
 2  in a hearing.
 3      And we can pick the hearing on -- at that point, I'm on
 4  the eve of a three-week securities fraud case, so we're going
 5  to be squeezing it in somewhere.  Likely, you know, we can
 6  either do, if you wanted a completely unencumbered date, we
 7  could do November 25 or 26, 27.  Those are pretty open right
 8  now.  It's right before the Thanksgiving holiday, but I'm happy
 9  to come on in.
10      So if -- let's try to get that hearing on the books right
11  now.
12      11/25 at 11:00 a.m., does that work for everybody?
13          MR. GOROKHOV:  That leaves -- I'm sorry, I believe
14  11/25 works for a hearing.
15          THE COURT:  Yeah.
16          MR. GOROKHOV:  One issue I'll raise for the Court,
17  Your Honor, is that we expect that other than the
18  discovery-related issues, and, of course, the sanctions-related
19  issues, that we have other substantive motions we'll be filing.
20          THE COURT:  Got it.
21          MR. GOROKHOV:  And very substantive ones.
22      So I --
23          THE COURT:  Well -- well, Mr. Gorokhov, I'm giving
24  you a date.  That's the date by which.
25      When you say "very substantive," are you saying that it is
```

```
 1   not going to be enough time for me to consider the motions if I
 2   make the response date 11/5 and we have a hearing on 11/25?
 3           MR. GOROKHOV:  Actually, I'm worried that it's not
 4   enough time for us, the defense, to get them filed, because
 5   there's going to be motions to dismiss on legal grounds.
 6   There's going to be -- it's a number of motions that we haven't
 7   even gotten to preparing, just because we've been dealing just
 8   with the preliminary to flat out trying to get what we're
 9   entitled to at this point in terms of discovery.
10           THE COURT:  Well, then if you file those motions, and
11   those motions toll the clock, and I need more time to consider
12   them, then we may be looking at a hearing date in the January
13   trial slot.  I mean, there's only so much one person can do.
14       So if that's where you're going with this, then are we --
15   are we putting in a date for trial that's too soon?
16       I mean, here's my objective.  I want one date by which I
17   get whatever motions you believe you have to file on behalf of
18   your client, and I want the government to have enough time to
19   respond.  Then I want a hearing on it for whatever period of
20   time we need.  I resolve it.  And whatever is left -- I'm
21   presuming -- listen, I have to presume that we need a trial
22   date, though, even if I ultimately agree with you.  So from
23   there, we set a trial date.
24       Are you telling me that the January date is -- is not
25   realistic?
```

1      **MR. GOROKHOV:**  Your Honor, I am afraid -- I am

2  concerned that the January date is too soon.  Especially now,

3  it seems like we're going to be on parallel tracks, you know,

4  dealing with the motions, litigation, and essentially preparing

5  for trial and trying to review hundreds of thousands of items

6  from Relativity.

7      So if that's the case, I think the January date may be --

8  may be optimistic in that case.

9      **THE COURT:**  Okay.  Well, if it is, and you are

10  satisfied that there isn't -- I got -- I've got open motions

11  right now.  I'm happy to give you a later date, but I don't

12  want to walk into a speedy trial issue.  So -- and I look to

13  the defense on that because it's your client's right, and I

14  don't -- I'm not suggesting, you know, that we do anything with

15  the calendar that would infringe with that right.  It has to be

16  with his consent and with the understanding that, you know, a

17  later date would be -- he's okay with that.  That's why I said

18  earlier, like, if you want an earlier date, I will make it

19  happen.  We'll find a judge, you know, who will take something

20  from me.

21      So with that, Mr. Gorokhov, what am I -- what am I

22  realistically looking at here?

23      **MR. GOROKHOV:**  I think realistically, Your Honor, if

24  the schedule could shift, with everything being later, that

25  would be -- if the January trial date, for example, would be

1    converted to a hearing date, I think that would be more

2    realistic.  I think we would need more time.

3        On the pretrial motions, I do want to be transparent here

4    with the Court.  You mentioned speedy trial.  There's no

5    intention on our part -- you know, we understand the motions

6    are pending, the Court needs sufficient time to consider them,

7    you know, we need sufficient time to file them.  So -- so from

8    going forward from everything that's happened, we don't believe

9    there's a speedy trial date there, this pending motion.

10        That being said, I do want to be transparent with the

11    Court that we believe there is a retroactive speedy trial date,

12    because the government essentially, up until September 3rd, has

13    been repeatedly representing to us that it's met all of its

14    discovery obligations and it was ready to go to trial.  In

15    fact, the day I entered my appearance in this case, I asked

16    them if they would agree to a continuance, and they said no.

17        So we believe that creates retroactive speedy trial issue.

18    We believe there are things we don't know yet, like, what

19    happened with the filter team that, you know, may or may not

20    have been appropriately represented to the Court and to the

21    parties.

22        But I do -- I am being transparent with the Court here,

23    that --

24            THE COURT:  Yeah.

25            MR. GOROKHOV:  -- you know, there is a speedy trial

1  date that -- a speedy trial issue that may have already

2  occurred.

3          **THE COURT:**  Okay.  So let me understand what you're

4  saying.

5      What you're saying is, at the time that you got in the

6  case and began to litigate it, motions had been filed.  And

7  whatever trial date we set, there is no speedy trial argument,

8  constitutional or statutory, from the date in which you began

9  to litigate these motions, when you got in the case, and

10  whatever trial date we set.

11      That said, you're reserving your right to make a

12  historical speedy trial argument that predates your involvement

13  in the case.

14      Am I getting it right?

15          **MR. GOROKHOV:**  That's correct, Your Honor.

16          **THE COURT:**  Okay.  I think I understand it, and I

17  think I am satisfied that that in principle, you know, works,

18  because, frankly, if I don't impose any of the sanctions that

19  you've been asking me for, you are preparing in -- in parallel

20  tracks, and it is a big dump on you in terms of the -- the

21  evidence that you've been given.

22      So then let me turn back to you, Mr. Gorokhov.

23      What -- what date do you believe is realistic,

24  understanding that we'll probably have this motions hearing

25  later to give you more time, and you're waiving speedy trial

1  from the time you've gotten in until we have trial, what date

2  am I looking at?

3           MR. GOROKHOV:  Your Honor, if I may just confer

4  briefly with my colleagues here.

5           THE COURT:  And that's fine.  And just so that the

6  record is clear, I'm making a finding under the Speedy Trial

7  Act that the complexity of this case and the complexity of the

8  motions and the ongoing discovery disputes make it such that,

9  you know, the -- the defense's position, which is that from the

10  time that new defense counsel has gotten in until trial, it

11  cannot be tried within a 70-day period.  And so the defense is

12  amenable to picking a date beyond a window that would be set

13  out in the Speedy Trial Act.

14      And, again, limiting that argument, or limiting that

15  position to when new defense counsel got in so that -- I'm not

16  sure whether you're going to be able to make your speedy trial

17  argument retroactively, but I'm certainly not going to preclude

18  you from trying.

19           MR. GOROKHOV:  Understood, Your Honor.

20      So I think the terms of setting the dates for motions,

21  given what we now know, which we actually haven't even touched

22  the Relativity stuff yet, given everything that's going on,

23  I -- if it's possible to set a motions deadline day in March,

24  that may be more realistic just because of the massive amount

25  of work that we now have to do.

1          **THE COURT:**  You mean to get through the database?

2          **MR. GOROKHOV:**  Yes.

3          **THE COURT:**  And then when -- any followup

4  investigation or due diligence?

5          **MR. GOROKHOV:**  Yes, Your Honor.

6          **THE COURT:**  Government, what's your position on that?

7          **MR. GARDNER:**  I mean, we're certainly going to give

8  them as much time as they need to review everything, so I sort

9  of defer to the defense.

10     I mean, if we're pushing out that far, then I don't think

11  we're going to have any scheduling conflicts really either.  So

12  I sort of defer to the other parties, and we'll slide in

13  whenever it works for the defense and the Court.

14          **THE COURT:**  I mean, as we know, it's a massive amount

15  of data.

16          **MR. GARDNER:**  Absolutely; right, absolutely it is.

17          **THE COURT:**  Yeah, right.  It's unusual to ask for

18  such a long lead, but it's understandable in this case.

19     So if I'm setting in a motions hearing in March, what is

20  your proposal?  Because I would think early March.  And then

21  what would be your proposal for a trial date?

22          **MR. GOROKHOV:**  Your Honor, I think -- just one

23  second.  Let me -- let me make sure I'm on the same page with

24  my co-counsel just to make sure we're all available.

25     So here's -- here's the issue, Your Honor.  And, again, I

```
 1   apologize.  I asked for your patience in advance because this

 2   is a little bit of an unusual situation.

 3        So, please, I just want --

 4          THE COURT:  I'm going to try to stay quiet.  There

 5   you go.

 6          MR. GOROKHOV:  We've already been trying your

 7   patience enough here, but --

 8          THE COURT:  Okay.  Good.

 9          MR. GOROKHOV:  Here's the issue.  Here's the issue

10   for Mr. Masood.

11        This case is just -- it's inordinately difficult and

12   expensive for him.  It's been so hard for him to -- for us to

13   have to essentially use clues in what we receive to just

14   discern what we don't have, et cetera, et cetera.

15        So what I'm getting at here, Your Honor, is what we

16   propose is if there was a date on the -- on the pending issues

17   regarding dismissal, if we have one date for that earlier, and

18   then if the Court declines to dismiss, we can proceed to other

19   motions at a later date, that would make sense.

20          THE COURT:  I see.

21          MR. GOROKHOV:  Proceeding on parallel tracks is

22   really, really -- not just hard for us, but it's also really,

23   really difficult for our client.  And also the uncertainty.

24        So is it possible -- you know, for example, I think we

25   could litigate the motions to dismiss related issues, say, by
```

1    mid November.  We could -- we could get those filed.

2        And then if the Court decides that the case is going to go

3    forward -- I mean, I'm fine with -- we're all fine with setting

4    a trial date and having, you know, all -- everything scheduled

5    out.

6            **THE COURT:**  Yeah.

7            **MR. GOROKHOV:**  But we would like to have some ability

8    to focus on, you know, set priorities, if you understand what I

9    mean, Your Honor.

10           **THE COURT:**  I do.  And my followup question to you,

11   then, would be there's 262 open right now, which is the motion

12   to compel; 283, motion for appropriate relief regarding

13   discovery; 286, motion to compel regarding grand jury

14   transcript, which is a very, very tall mountain to climb.

15       How do I -- how do I work this exactly?  Because it -- I

16   think it was in 262, you kind of made the argument, and we've

17   since discussed dismissal as a potential sanction, with the

18   understanding that is, again, a very tall ask for a discovery

19   violation and a *Brady* violation is likely premature.

20       So how -- how do you propose we do this?  Do you -- do you

21   suggest that I give you a new date by which you file the motion

22   to dismiss, and on this motion to dismiss that has all of your

23   other arguments in it, government responds, and I hear that

24   motion in November, and all depending on what I do with it, we

25   then set -- we go from there.  If I -- if I grant it, obviously

 1  the case is gone.

 2      If I deny it, then I'm setting a new motion or a

 3  supplemental MIL, right, that deadline you were just talking

 4  about?

 5              **MR. GOROKHOV:**  Yes, Your Honor.

 6              **THE COURT:**  Where you supplement any of your motions

 7  in limine, the government has an opportunity to respond to all

 8  of them, the government does the same, and then we have a

 9  second hearing, and that hearing would include 262, 283, 286.

10  In other words, you know, the other parts of those motions that

11  don't contemplate dismissal.

12      I'm just trying to figure out, does that logistically

13  work?  You know your motions better than I do, what's already

14  been filed.

15              **MR. GOROKHOV:**  Yes, Your Honor.  So I think that

16  generally that makes sense.

17      The only part of that I would -- I would add to is that I

18  think if we were to file motions to dismiss, and -- and you

19  were to decide, you -- you know, "I still need more information

20  to determine the appropriate sanctions in this case," then the

21  Court would have the option, certainly, to reopen evidence -- I

22  mean, you've left it open even now.  I believe that's how we

23  left things with the evidentiary hearing.

24      So I -- so I think you would have the ability to reopen

25  evidence if you feel it's appropriate, given what's admitted.

 1          **THE COURT:**  Sure.  Right.  No, I understand that.

 2     What I'm trying to figure out, maybe I can ask it this

 3 way, is whatever you're contemplating in your motion to

 4 dismiss, does it incorporate 262 and 286?  Because I think 283

 5 is the government just basically saying, like, we're trying to

 6 work this out, but, you know, here's the status of our

 7 meet-and-confer.

 8     So just let's look at defense 262 and 286, and I suppose

 9 284.

10     In any event, you've filed a lot of stuff, and I'm trying

11 to figure out how much of it is going to overlap with this

12 dismissal motion that you are proposing.  And what's the

13 cleanest way to -- to deal with this?

14     Like, for example, does it make sense, because the

15 government has yet to respond, I believe, to certainly 286 --

16 you know, does it make sense to deny as moot, without

17 prejudice, 262, withdraw 286, but then refile and put

18 everything in one place?

19          **MR. GOROKHOV:**  I would need to think through that, if

20 we withdraw it, what are the implications of that.

21     But I think, Your Honor, our general view on this is just

22 that -- that -- our general view on this is that the -- the

23 discovery-related issues, the discovery-related -- the whole

24 thing the Court has been dealing with to date --

25          **THE COURT:**  Yes.

1          **MR. GOROKHOV:**  -- is a -- is a distinct issue.  And

2    so I think that's kind of the priority as we see it, because it

3    goes to the heart of the question of whether Mr. Masood can

4    ever receive a fair trial in this case.

5          **THE COURT:**  The discovery -- let me -- let me make

6    sure I understand what you just said.

7      You said the discovery issues go to the heart of whether

8    he can ever receive a fair trial?

9          **MR. GOROKHOV:**  Yes.

10          **THE COURT:**  Okay.  And so that's a ground -- I mean,

11    that is one of the grounds that you're seeking dismissal; am I

12    right?

13          **MR. GOROKHOV:**  Yes, Your Honor.

14          **THE COURT:**  Okay.  Maybe I can ask it this way, then.

15      So there's one.  And that really does wrap up all of the

16    ongoing -- from 262 forward, it incorporates all of that?

17    Like, that's all part of it.

18      Is there -- but you also said there were separate legal

19    arguments that you wished to make regarding dismissal, or is it

20    all in the first bucket?

21          **MR. GOROKHOV:**  No, there -- so there's separate legal

22    arguments.  So, for example, there's this speedy trial issue

23    that we haven't even touched yet that -- the retroactive speedy

24    trial issue, right?

25      There's issues related to the actual substantive charges

1    in this case, you know, more that go just directly to the legal

2    problems, legal infirmities of the indictment.

3         There's also -- there's also -- I'm just trying to --

4    there's a lot of stuff going on, so I'm just trying to say it

5    from the top of my --

6         **THE COURT:**  What you're basically saying, though,

7    is -- because I'm going to give you a deadline by which you

8    have to make all these arguments.

9         **MR. GOROKHOV:**  Correct.  Correct.

10        **THE COURT:**  You've got the discovery related -- if

11   I'm getting it right, discovery, *Jencks*, *Giglio*, et cetera,

12   that motion where you're asking for the sanction of dismissal

13   as a sanction.

14        And then there are other motions which are separate from

15   that.

16        As to the sanction motion, you are effectively asking that

17   I incorporate all that you have already filed and then the

18   government has to respond to it.

19        And then as to the speedy trial and the other issues, you

20   need a filing date and then the government will respond to it.

21        And then we should have a hearing on all of those motions.

22        Am I getting it right?

23        **MR. GOROKHOV:**  Yes, Your Honor.

24        I -- I think that -- I think that that's basically

25   correct.  I mean, I think our view would be if what we filed

1  already is sufficient to kind of make a decision regarding

2  dismissal, then that should be dealt with without the necessity

3  of filing a bunch of addition -- or additional legal grounds

4  for dismissal.

5        **THE COURT:**  Well, is that -- I guess -- is that what

6  you're asking me to do?  That's another thing.  Like, you know,

7  I can just tell the government, all right, you have 262, 283,

8  we have the hearing, 286, give me your response, I'll let the

9  defense reply, we'll put in a hearing date.

10       **MR. GOROKHOV:**  Yeah.

11       **THE COURT:**  But we've got to have some finality,

12  which means if you lose that motion, Mr. Gorokhov --

13       **MR. GOROKHOV:**  Yeah.

14       **THE COURT:**  -- I'm not going to be interested in

15  alternative motions to dismiss.

16     Do you see what I'm saying?

17       **MR. GOROKHOV:**  Sure, yeah.

18       **THE COURT:**  Like, we've got to --

19       **MR. GOROKHOV:**  On those grounds.

20       **THE COURT:**  It's hard to keep moving.

21       **MR. GOROKHOV:**  Yeah.

22       **THE COURT:**  Okay?  We've got to fix the target.

23     So let's do it this way, let's pick a date in November for

24  a hearing on the motions to dismiss.  I'm going to let you

25  decide what -- you know, what motions you're going to file, but

1  we're going to hear them on that date.  And then we're going to

2  work backwards in terms of a pleading schedule.  Okay?

3          **MR. GOROKHOV:**  Understood, Your Honor.

4      I mean, in that case, I would ask for a late November date

5  so we could get everything before the Court.

6      And just to be clear, when we're talking about these

7  pending motions regarding Brady and everything else, I just

8  want it to be clear that facts have come up -- come to light

9  and developments have happened since then that we would need to

10  file, you know, something additional on -- on dismissal on

11  those grounds, not merely just have the government to respond

12  to what's already -- already filed.

13          **THE COURT:**  But that's why we're setting a -- because

14  here's what -- the defense is tending to do, again, it's death

15  by a thousand cuts.  You think of an issue, you file a motion;

16  you think of another motion, you file a motion.

17      You're still in the sort of the swirl of all of this, and

18  you keep filing motions.  And the docket is getting really

19  messy.  I'm trying to impose some order on it.  I'm not trying

20  to clip your wings, I'm just saying, like, there's going to be

21  a date, hold your powder, figure out all your issues up until

22  that date, and then file.  Maybe that's a better way of saying

23  it.  Okay?

24          **MR. GOROKHOV:**  Understood, Your Honor; understood.

25          **THE COURT:**  And you're asking -- you're asking for

1  this November date to deal with dismissal first.

2          **MR. GOROKHOV:**  Right.

3          **THE COURT:**  Okay.  All right.

4          **MR. GOROKHOV:**  So if we could get a date on 11/25, I

5  don't know if that's available for the Court, if we could use

6  that as kind of the anchor, and then --

7          **THE COURT:**  So the problem -- I'll tell you right

8  now, the problem is going to be I go from a securities fraud

9  case right into a mail and wire fraud case, and I'm away for

10  three days in D.C. for meetings.  So -- and so I'm picking

11  another jury the 2nd of December.

12      I think -- I mean, I'll tell you this, I can certainly

13  give you a hearing date, but -- but it will be sandwiched in

14  between very, very difficult trials.  If we are already pushing

15  out this case well into 2025, my suggestion would be if you

16  really want me to -- you want my full attention, we look at mid

17  December for a hearing date.  Or, no, I'm sorry, I can't even

18  do that because I'm in trial.  I'm in trial until Christmas.

19      So it would be the new year.  It would be, like,

20  January 6th.

21          **MR. GOROKHOV:**  Okay.  That's fine.  I think early

22  January is fine, Your Honor, for us.

23          **THE COURT:**  All right.  So if we're doing January 6th

24  as a hearing date --

25          **MR. GARDNER:**  I'm sorry, Your Honor.  This is AUSA

1    Gardner.

2        I do have a trial starting on that exact date, and also

3    the week of the 13th.

4            **THE COURT:**  Oh, that's right.  That's right.  That's

5    right.  You do.

6        How about -- I know this is tough, but all the heavy

7    lifting will be done ahead of time.  How about the 3rd or --

8    the 3rd, because I don't think -- well, the Court might be open

9    on the 2nd.  Or the 30th?  I mean, I'm around, and I will be

10   done with the other trial, so --

11       You know, I would customarily say, "Counsel, get together

12   and work this out," but I'm loathed to say that because you all

13   are fighting about everything.  That's why we're taking the

14   time to do it now.

15       Otherwise, I would say, listen, you know, since you're all

16   amenable to new year, you know, briefing and pleading schedule

17   and hearing schedule, if you all want to try to figure this out

18   on your own and then present it to me, I don't have a problem

19   with that because I am pretty wide open if we're looking from

20   2025 forward.

21       Or would you rather try to hash this out with me now?

22           **MR. GOROKHOV:**  Your Honor, I think it would be better

23   if we were able to consult with -- it's just difficult to do it

24   this way because it's a telephonic hearing.

25           **THE COURT:**  Right.

1          **MR. GOROKHOV:**  So I do think it would be easier to

2   meet and confer on this.

3          And I have confidence that we can agree on dates.  Maybe

4   not much beyond that, but --

5          **THE COURT:**  I'll take it.  I will take it.

6          If you all can get together and agree on the following

7   dates, okay?

8          First, the date by which the government affirms that it

9   has, from its perspective, met its Rule 16, *Jencks*, *Giglio* and

10  *Brady* obligations.  That's number one.

11         Second, a pleading and hearing schedule on defense motions

12  to dismiss.  Okay?

13         Third, a pleading and hearing schedule on remaining

14  motions in limine in the event I deny dismissal.

15         And that -- that can be a hearing, pretrial conference.

16         So pleading and hearing schedule, pretrial conference.  So

17  include in that -- I think we already did the voir dire, so

18  we're good.

19         But that will be pleading and hearing schedule for

20  remaining motions in limine, and pretrial conference, and then

21  a trial -- trial date.

22         And right now, again, after January, I'm pretty open.  So

23  you all figure it out, put it in a -- put it in a joint

24  proposed scheduling order, and I will -- I will set it.

25         **MR. GOROKHOV:**  Thank you, Your Honor.

1          **MR. GARDNER:**  Thank you, Your Honor.

2          **THE COURT:**  Okay.  By which date do you think you can

3  get me that?

4          **MR. GOROKHOV:**  Your Honor, I think -- we would be

5  available to talk with the government this week.  I think we

6  can get the Court something by next week.  That's from my

7  perspective, of course.  I leave it to the government to state

8  their perspective.

9      But I don't think it's a problem to meet and confer with

10  them.

11          **MR. GARDNER:**  AUSA Gardner, Your Honor.

12      That's sounds fine.  I think we can -- I mean, we're just

13  discussing days.  I think that should be pretty quick, getting

14  on a call and figuring out our calendars.

15          **THE COURT:**  Okay.  Then -- then I will -- how about

16  let's say 9/24, okay?  And I'll put in a paperless order that

17  for the reasons discussed during today's recorded status

18  conference, the parties have agreed to meet, confer, and submit

19  a proposed pretrial scheduling order that includes all the

20  milestone dates discussed during the conference.

21      Good?

22          **MR. GOROKHOV:**  Yes, Your Honor.

23          **MR. GARDNER:**  Yes, Your Honor.

24      Your Honor, I -- I actually really appreciate this

25  approach to get some sort of finality.  I just want to be

1  clear.

2      What I'm concerned about, what the government, I think, is

3  concerned about, is that whatever happens at the motion to

4  dismiss deadline, after that has passed, it will be a -- it

5  will continue to be a moving target.

6      So I just want to know what -- what the -- look, if

7  something moves heaven and earth, and, you know, something

8  happens that really warrants dismissal, we would absolutely

9  think, you know, that it's well within our rights to bring that

10 to the Court's attention.

11     But, I mean, what kind of standard are we looking at to

12 bring that back to the Court's attention after we've sort of

13 put the motions to dismiss deadline to bed?  And I just can't

14 imagine this continuing (indiscernible).

15         **THE COURT:**  I don't know.  Right.  I don't know.  I

16 don't know.

17     But -- but, for example, I will say that, like, if you --

18 if you've litigated the issue, you're precluded from

19 relitigating the issue.

20     If the issue was fairly presented and you had notice of

21 the issue, I'm not going to hear it again.  That's what we're

22 looking at.

23     So I want a schedule that is real, defense, where you've

24 got enough time to think through these issues so you bring them

25 once.

1    I don't know how else to say it because I'm trying to give

2  as much process to both sides as possible.  That's why when you

3  are contemplating the -- these deadlines, right, with the

4  defense's position being we are not going to assert a statutory

5  or constitutional speedy trial argument from the time that the

6  new counsel has gotten in this case, which I believe was

7  August 15 until the trial in this case, because it's roundly

8  recognized that the issues are complex and require additional

9  time.

10    With that caveat, I really want you all to, in good faith,

11  give me realistic dates so we minimize the chance of this

12  happening, Mr. Gardner.  That's about as good as I can do right

13  now.

14    And I'll hold you to it.

15          **MR. GARDNER:**  All right.  Thank you, Your Honor.

16          **MR. GREENBERG:**  Your Honor -- Your Honor, this is

17  Josh Greenberg.  I think my co-counsel and I may not have

18  caught all of the items for which you would like the parties to

19  provide deadlines.  I just wanted to respectfully ask that you

20  reiterate those, just to make sure that we're all on the same

21  page.

22          **THE COURT:**  Sure.  So you're going to submit a

23  schedule that includes, first, a deadline by which the

24  government affirmatively represents that it has satisfied, from

25  its perspective, Rule 16, *Jencks*, *Giglio*, *Brady* obligations.

1        Second, a pleading and hearing schedule on defense motions

2   to dismiss.  All motions to dismiss.

3        Third, a pleading and hearing schedule on motions in

4   limine, any followup motions in limine.  And the hearing for

5   the motions in limine will also be the pretrial conference.

6        Last, trial.  Give me the dates for trial that you all are

7   available to get seven days.  Okay?

8        **MR. GREENBERG:**  Thank you, Your Honor.  That -- that

9   is -- it's now very clear.

10       **THE COURT:**  Okay.  All right.  Great.

11       Anything else before we conclude today?

12       **MR. GARDNER:**  Your Honor, I'm sorry.  AUSA Gardner

13  for the government.

14       Motions that are sort of pending but are not -- not

15  motions to dismiss, per se, I guess those would be in that

16  third bucket, the hearings, the motions in limine, the sort of

17  omnibus meeting where we discuss everything not motions to

18  dismiss?

19       **THE COURT:**  Nope.  Nope.  I think that's what --

20  that's what I was trying to get some clarity on.  I don't

21  believe that's right.  I think those are part of what the

22  defense wants me to consider at that first hearing.

23       **MR. GARDNER:**  Okay.  So things like --

24       **THE COURT:**  And that would be -- right.  You need to

25  talk about that, because if that's the defense's position, then

```
 1   you'll have to respond to those, and you all need to set a

 2   schedule for that.

 3             MR. GARDNER:  Okay.

 4             THE COURT:  And what I really strongly encourage you

 5   all to do is find that date where the defense will

 6   supplement -- like, the next deadline should be the pleadings

 7   that the defense will file.  And then government, you respond

 8   to all of it so we're not staggering this.

 9             MR. GARDNER:  Got it.

10             THE COURT:  Do you see what I'm saying?

11        Like, an omnibus response where you hit all the open ECFs.

12   Does that make sense?

13             MR. GARDNER:  Got it.  Yes, Your Honor.

14             THE COURT:  All right.  Okay.  Anything else?

15             MR. GOROKHOV:  No, Your Honor.  Thank you.

16             MR. GARDNER:  Not from the government, Your Honor.

17   Thank you.

18             THE COURT:  All right.  Thank you all.  Have a great

19   day.

20             MR. GARDNER:  Thank you.

21             MR. GREENBERG:  Thank you.  You too.

22        (The foregoing proceedings concluded at 12:48 p.m.)

23

24

25
```

34

1                    CERTIFICATE OF OFFICIAL REPORTER

2

3

4        I, Paula J. Leeper, do hereby certify that the foregoing

5   is a correct transcript of the audio-recorded proceedings in

6   the above-entitled matter audio recorded via FTR Gold on

7   September 19, 2024, to the best of my ability and that said

8   transcript has been compared with the audio recording.

9

                            Dated this 10th day of October, 2024.

10

11

                            /s/ Paula J. Leeper

12                          _____

13                          Paula J. Leeper, RPR, CRR
                            Federal Official Reporter

14

15

16

17

18

19

20

21

22

23

24

25