

DSG/RM: USAO 2021R00335

USDC- GREENBELT
'24 DEC 19 PM 3:02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-22-091 |
| | * | |
| AKBAR MASOOD, | * | (Conspiracy to Commit Health Care Fraud and Wire Fraud, 18 U.S.C. § 1349; Wire Fraud, 18 U.S.C. § 1343; Aggravated Identity Theft, 18 U.S.C. § 1028A; Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7) and (b)(1), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendant | * | |

\*\*\*\*\*\*\*

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Commit Health Care Fraud and Wire Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

**Introduction and Background**

1. The Defense Health Agency ("DHA") was a federal agency that managed a network of military hospitals and clinics worldwide and also managed the United States Department of Defense's health care program, TRICARE.

2. Walter Reed National Military Medical Center ("WRNMMC") was a medical facility in Bethesda, Maryland that provided medical services to current and former military personnel and their families and fell under the Defense Health Agency.

3. Both the DHA and WRNMMC were health care benefit programs under 18 U.S.C. § 24(b).

4. Clinical Documentation Information ("CDI") specialists provided health care benefits, items, or services by working with doctors, nurses, and administrative personnel to ensure patient records were accurate, complete, and reflective of care provided to the patient. CDI specialist work included reviewing patient records to ensure they accurately reflected the diagnosis and treatment provided to patients, and coaching doctors and nurses on how to improve their documentation of patient encounters to better track patient care and improve patient outcomes.

5. Company A was a company headquartered in the Commonwealth of Virginia. Company A served as a prime contractor for medical support services, including CDI medical coding services, to the Walter Reed National Military Medical Center ("WRNMMC") and the Defense Health Agency ("DHA").

6. The defendant, **AKBAR MASOOD ("MASOOD")**, was a resident of Great Falls, Virginia, and a part-owner and "Chief Strategy Officer" of Company A. **Michelle Peebles ("Peebles")**, a resident of Riverdale, Maryland, was a site manager at Company A.

7. HMA Solutions was organized on December 30, 2016, as a Delaware Limited Liability Corporation but headquartered in Riverdale, Maryland. **Peebles** and **MASOOD** were members of HMA. A third individual, **Harriet Jackson, a/k/a/ "Harriet Soumah" ("Jackson")** had no formal role in HMA but shared in the business' proceeds.

8. Company A subcontracted with HMA to provide CDI medical coding services for WRNMMC under Company A's broader contract with WRNMMC.

9. Victim 1 was a career medical coder and former colleague of **Jackson** and was never employed or compensated by HMA.

10. Victim 2 was a registered nurse and former romantic relation of **Jackson** and was

never employed or compensated by HMA.

11. Victims 3 through 5 were employees of Company A and were never employed or compensated by HMA.

### The Conspiracy

12. From a time unknown to the Grand Jury, but beginning at least in or about December 16, 2016, and continuing through at least in or about January 4, 2019, in the District of Maryland and elsewhere, the defendant,

### AKBAR MASOOD,

conspired and agreed with **Michelle Peebles, Harriet Jackson,** and others known and unknown to the Grand Jury to commit offenses under chapter 63 of Title 18, United States Code, to defraud and obtain money and property from the United States Government, namely:

    a. to knowingly and willfully execute and attempt to execute a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, or promises ("the scheme to defraud"), any of the money or property owned by, or under the custody or control of, any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services, in violation of 18 U.S.C. § 1347; and

    b. for the purpose of executing and attempting to execute the scheme to defraud, to cause to be transmitted by means of wire communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

13. **MASOOD** and **Peebles** established HMA to take advantage of Company A's contract with WRNMMC for medical coding support.

14. **MASOOD** took advantage of decision-making authority within Company A to push or divert subcontract work on Company A's contract with WRNMMC to HMA.

15. **MASOOD** and **Peebles** used the identity of an actual person, Victim 1, with which HMA contracts were established with Company A.

16. WRNMMC elected to contract with Company A for medical coding services from highly-skilled CDI specialists. **MASOOD** and **Peebles**, acting on behalf of HMA, falsely put forward the names of Victims 2, 3, 4, and 5 as CDI specialists who worked for HMA.

17. Company A in turn elected to contract with HMA to provide CDI services under Company A's contracts with WRNMMC.

18. **MASOOD** and **Peebles**, acting on behalf of HMA, invoiced Company A for CDI services that were never completed. Company A, in turn, passed the charges on to WRNMMC for payment for the false invoices.

18 U.S.C. § 1349

## COUNTS TWO THROUGH FIVE
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraphs 1 through 11 and 13 through 18 of Count One are incorporated here.

### The Charge

2. On or about the dates set forth in the table below, in the District of Maryland and elsewhere, the defendant,

### AKBAR MASOOD,

for the purpose of executing and attempting to execute the scheme and artifice described above, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and pictures, described below for each count, each transmission constituting a separate count:

| Count | Date | Wire Communication |
|---|---|---|
| 2 | August 2, 2017 | Email from an address purporting to be Victim 1 (renee@hmasolutionsllc.com), in Maryland, to an employee of Company A in Sterling, Virginia, containing the names of Victims 2, 3, 4, and 5 and falsely claiming that these victims would perform services for HMA. |
| 3 | October 4, 2017 | Email from accounting@hmasolutionsllc.com, from Riverdale, Maryland, to an employee of Company A and PEEBLES' Company A email account, both in Sterling, Virginia, containing a falsified invoice from HMA for $88,086.80 for services including purported CDI coding services performed by nonexistent employees in September 2017. |
| 4 | October 4, 2017 | Web-based electronic communication from Company A in Sterling, Virginia, to Contract Officials at WRNMMC in Bethesda, Maryland, for invoices in the amounts of $184,914.75 for hourly services |

|   |   |   |
|---|---|---|
|   |   | performed in September 2017, which communication included an attachment itemizing charges for at least four nonexistent CDI coders (Victims 2 through 5's) work. |
| 5 | October 20, 2017 | Wire money transfer from Infused Solutions' BB&T account ending in 1225, registered in Sterling, Virginia, for $88,086.80 to HMA Solutions' TD Bank account ending in 4418, registered in Lanham, Maryland. |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT SIX
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraphs 1 through 11 and 13 through 18 of Count One are incorporated here.

### The Charge

2. On or about August 2, 2017, in the District of Maryland and elsewhere, the defendant,

**AKHBAR MASOOD,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, wire fraud in violation of 18 U.S.C. § 1343, as charged in Count Two of this Indictment—knowingly caused the transfer, possession, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to a real person, that is, the name and professional certification of Victim 1.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT SEVEN
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraphs 1 through 11 and 13 through 18 of Count One are incorporated here.

### The Charge

2. On or about October 4, 2017, in the District of Maryland and elsewhere, the defendant,

**AKBAR MASOOD,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, wire fraud in violation of 18 U.S.C. § 1343, as charged in Count Three of this Indictment—knowingly caused the transfer, possession, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to a real person, that is, the names and professional certifications of Victims 2, 3, 4 and 5.

18 U.S.C. § 1028A
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions under any of the offenses in Counts One through Seven of this Indictment.

### Health Care Fraud Conspiracy Forfeiture

2. Upon conviction of the offense charged in Count One, the defendant,

**AKBAR MASOOD,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

### Wire Fraud Forfeiture

3. Upon conviction of any of the offenses charged in Counts One through Five, the defendant,

**AKBAR MASOOD,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## Substitute Assets

4.  If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(7) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek Barron /PSG*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**    Date: 12/19/2024